# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12-CR-108

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| JUSTIN KELLY | ) |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss and Motion to Suppress (Doc. No. 11). The Motion is DENIED IN PART and GRANTED IN PART for the reasons stated herein.

Defendant first contends that the indictment should be dismissed because it does not include all the necessary elements to convict Defendant under 18 U.S.C. §§ 922(g)(9) or 922(a)(6). However, the indictment clearly states that Defendant was convicted on May 14, 2001 of a misdemeanor crime of domestic violence–even going so far as to state the conviction, Assault on a Female, with statutory references and a case number. The indictment goes on to accuse Defendant of possessing a handgun, including the type of handgun, and states the handgun was transported in interstate commerce. This satisfies all the necessary elements of 18 U.S.C. § 922(g)(9), for which Defendant is charged. See, e.g., United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998) ("To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense.").

Defendant contends that because the indictment does not define the domestic relationship

necessary for a conviction under 18 U.S.C. § 922(g)(9), the indictment is insufficient. However, the definition of domestic relationship is defined by statute. See 18 U.S.C. § 921(a)(33) (defining "misdemeanor crime of domestic violence"); United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999) ("Generally, an indictment is sufficient if it alleges an offense in the words of the statute . . . ."); Newbold v. United States, 2009 WL 2243642 (M.D.N.C. July 27, 2009) ("These elements are alleged in Count One of Petitioner's indictment using a reference to the appropriate statutory definition. Indictment language tracking the applicable statutory language is ordinarily sufficient to allege an offense.") (citing Wicks, 187 F.3d at 427). Of course, this does not mean the Government does not have to prove there was a domestic relationship. The relationship is an element of the crime and must be proven at trial like any other element. The indictment does, however, state enough to fairly inform Defendant of the crime for which he is being charged. See, e.g., United States v. Amend, 791 F.2d 1120, 1125 (4th Cir. 1986) (holding an indictment sufficient, even though it lacked the names of defendant's co-conspirators, because it tracked the language of the statute and defendant could obtain more information from the Government).

Defendant also contends that assault on a female, Defendant's predicate domestic violence offense, is not always a domestic violence crime in North Carolina. This may be true; however, in United States v. Hayes, 555 U.S. 415 (2009), the Supreme Court held that a domestic relationship does not have to be a defining element of the predicate offense to support a conviction for possession of a firearm by a person convicted of a misdemeanor crime of domestic violence. See, Hayes, 555 U.S. at 426 ("To obtain a conviction in a § 922(g)(9) prosecution, the Government must prove beyond a reasonable doubt that the victim of the predicate offense was the defendant's current or former spouse or was related to the defendant in

another specified way. But that relationship, while it must be established, need not be denominated an element of the predicate offense . . . [c]onstruing § 922(g)(9) to exclude the domestic abuser convicted under a generic use-of-force statute (one that does not designate a domestic relationship as an element of the offense) would frustrate Congress' manifest purpose.")

Defendant next argues that the indictment should be dismissed because it places Defendant in double jeopardy and this federal Court must accord full faith and credit to the state court's disposition from Defendant's 2001 conviction. Not only does the indictment charge a new crime that occurred years later, possessing a firearm, it is well settled that prosecution in both federal and state court, even for exactly the same criminal conduct, is not double jeopardy. See, e.g., Abbate v. United States, 359 U.S. 187, 194 (1959); United States v. Alvarado, 440 F.3d 191, 196 (4th Cir. 2006) ("[T]he Supreme Court has continually held that federal and state crimes are not the same offense, no matter how identical the conduct they proscribe."), cert. denied, 549 U.S. 817 (2006).

Next, Defendant argues that the doctrine of collateral estoppel prevents the Government from retrying Defendant for domestic violence. The Supreme Court held in Ashe v. Swenson, 387 U.S. 436 (1970), that the Double Jeopardy Clause of the U.S. Constitution incorporates the doctrine of collateral estoppel in criminal proceedings. Because of its origin in the Double Jeopardy Clause, this argument fails for the same reason. See Schiro v. Farley, 510 U.S. 222, 232 (1994) (citing Ashe, 387 U.S. at 436).

Therefore, Defendant's Motion to Dismiss is DENIED. For further evidence on the Motion to Suppress, the Court HEREBY ORDERS the parties to appear for a hearing before the undersigned United States District Judge on **Tuesday, June 26, 2012** at **9:45 a.m.** in

**Courtroom One** of the Charles R. Jonas Federal Building in Charlotte, North Carolina.

    IT IS SO ORDERED.

Signed: June 13, 2012

*[signature: Frank Whitney]*

Frank D. Whitney
United States District Judge